**FILED**
**Jul 07, 2021**
**01:41 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | | |
|---|---|---|
| **BRANDON HAMON,** | ) | **Docket Number: 2021-03-0377** |
| **Employee,** | ) | |
| **v.** | ) | |
| **DICKENS TURF AND LANDSCAPE** | ) | |
| **SUPPLY,** | ) | **State File No.: 105881-2019** |
| **Employer,** | ) | |
| **And** | ) | |
| **UNITED FIRE INSURANCE** | ) | |
| **COMPANY,** | ) | **Judge Brian K. Addington** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER

---

This case came before the Court for an Expedited Hearing on July 1, 2021, upon Mr. Hamon's request for attorney's fees. The issue is whether Mr. Hamon is entitled to attorney's fees at this interlocutory stage of litigation. The Court holds that Mr. Hamon is not entitled to attorney's fees at this time.

### History of Claim

Mr. Hamon injured his right shoulder on October 23, 2019, lifting a tire to place on a lawnmower. He initially treated at the emergency room and later chose Dr. McElligott from a panel on November 1. Dr. McElligott recommended an MRI, which showed a full thickness rotator cuff tear.

Dickens offered a second panel to treat the tear, and Mr. Hamon selected Dr. Becker on November 12. Dr. Becker performed surgery on Mr. Hamon's right shoulder on December 19, and Mr. Hamon complained of pain after the surgery through May of 2020. After a functional capacity evaluation, Dr. Becker stated on July 2 that he had "nothing else to offer" Mr. Hamon.

Mr. Hamon returned to Dr. Becker on September 11 with left shoulder pain. Dr. Becker did not believe that the left shoulder pain was primarily related to Mr. Hamon's right-shoulder work injury. Mr. Hamon underwent a left-shoulder MRI on October 6, and Dr. Becker informed him that he could return to work with restrictions. Mr. Hamon returned to Dr. Becker with left-shoulder pain on November 9. Dr. Becker placed him at maximum medical improvement for his right shoulder on November 23, but his left shoulder continued to hurt.

After continued complaints and a repeat MRI, which showed a full thickness left-rotator cuff tear, Dr. Becker recommended surgery on January 27, 2021. Further, he wrote that this injury occurred "around the same time as" the original right-shoulder injury. On February 23, Dickens's insurance adjuster, Deb Binns, told Mr. Hamon that she would be scheduling an employer's examination for the left-shoulder injury. She also told Dr. Becker that approval of the left-shoulder surgery would be determined by the result of the examination.

Ms. Binns scheduled an appointment with Dr. Hovis for April 14, but Mr. Hamon did not attend. She rescheduled it for May 10, and Dickens moved the Court to compel his attendance. The Court granted this motion, and Mr. Hamon attended the examination. Afterward, Dr. Hovis stated that Mr. Hamon's left-shoulder injury was primarily related to his original right-shoulder injury, so Ms. Binns approved the left-shoulder surgery. Mr. Hamon underwent the surgery.

Mr. Hamon argued that the undue delay in approving treatment for his left-shoulder injury was wrongful and entitles him to an award of attorney's fees in the amount of $1,725.00.

Dickens did not contest the amount of the fee but denied wrongfully delaying Mr. Hamon's treatment.

## Findings of Fact and Conclusions of Law

To prevail, Mr. Hamon must present evidence from which this Court can determine that he is likely to succeed at a hearing on the merits. *See McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at \*9 (Mar. 27, 2015).

Tenn. Code Ann. § 50-6-226(d)(1)(B) provides that attorney's fees may be awarded when the employer "wrongfully denies a claim or wrongfully fails to timely initiate any of the benefits to which the employee or dependent is entitled." However, attorney's fees should not be awarded until "after the litigation has run its course," so that the uncertainties have been resolved. *Andrews v. Yates Servs., LLC*, 2017 TN Wrk. Comp. App. Bd. LEXIS 35, at \*7-8 (May 23, 2017).

Attorney's fees may be awarded at the interlocutory stage when "highly unusual circumstances" are present, for example when an employer denies a claim based on its own interpretations of the medical evidence, denies a claim without reasonably investigating it, ignores evidence that favors the injured worker, or declines to reconsider a denial of a claim after new evidence is provided. *Travis v. Carter Express, Inc.*, 2019 TN Wrk. Comp. App. Bd. LEXIS 25, at *14 (June 24, 2019); *see also Thompson v. Comcast Corp.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *28-9 (Jan. 30, 2018). A denial of attorney's fees at the interlocutory stage of a case does not preclude an award of attorney's fees at the conclusion of the case. *Id.* at *13.

Mr. Hamon asserted that the employer failed to timely approve his left-shoulder surgery, and thus he is entitled to attorney's fees. However, at this interlocutory stage, precedent cautions against awarding attorney's fees barring "highly unusual circumstances." This case is not highly unusual, as the employer did not deny benefits based on their own interpretations or without reasonably investigating the claim, nor did the employer ignore evidence. While it is too early to award attorney's fees, the issue may be reconsidered at the conclusion of the case.

### IT IS, THEREFORE, ORDERED THAT:

1. Mr. Hamon's request for attorney fees is denied at this time.

2. This case is set for a Status hearing on **September 9, 2021, at 11:00 a.m. Eastern**. The parties must dial **855-543-5044** to participate in the hearing.

**Entered July 7, 2021.**

*Brian K. Addington*
_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

### APPENDIX

Exhibits:

1. Mr. Hamon's affidavit
2. Collective Medical Records
3. Dr. Paul Becker questionnaire
4. Dr. Paul Becker questionnaire
5. First Report of Injury-for identification purposes only
6. Panel of Physicians

7. Panel of Physicians
8. Declaration of Deb Binns
9. Affidavit and Accounting for Attorney Fees-Ryan Sarr

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Motion to Compel Medical Examination
4. Motion to Strike
5. Order Compelling Medical Examination
6. Request for Expedited Hearing
7. Motion for Continuance
8. Response to Motion for Continuance
9. Order Denying Continuance
10. Employer's Pre-Hearing Brief
11. Order Setting Motion Hearing
12. Motion for Fees
13. Motion to Strike Motion for Fees

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent on July 7, 2021.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Ryan Sarr, Employee's Attorney | | | X | ryansarr@tawpc.com |
| Rosalia Fiorello, Employer's Attorney | | | X | rfiorello@wimberlylawson.com |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*